UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RESIDENTIAL FUNDING CORP., | CIVIL NO. 05-914 (JNE/JSM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MOORE FINANCIAL ENTERPRISES, INC., | |
| Defendant. | |

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon defendant's Motion to Dismiss [Docket No. 5]. Donald Heeman, Esq. appeared on behalf of plaintiff; Daniel Boivin, Esq. appeared on behalf of defendant. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

For the reasons discussed below, IT IS RECOMMENDED THAT:

1. Defendant's Motion to Dismiss [Docket No. 5] be **DENIED**;

2. Summary Judgment be **GRANTED** in favor of defendant; and

3. That plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL BACKGROUND

### A. Contract and Transactions between the Parties

This matter arises out of plaintiff Residential Funding Corporation's ("RFC") breach of contract and indemnification action against Defendant Moore Financial Enterprises, Inc. ("Moore Financial"). RFC is an underwriter and purchaser of residential mortgage loans in the

secondary market. See Complaint, ¶ 9. Moore Financial is a mortgage company. Id., ¶ 3.

On or about November 7, 2000, the parties enter into a Seller/Servicer Client Contract ("Contract"). See Complaint, ¶ 10; see also Affidavit of Donald G. Heeman in Support of Plaintiff's Memorandum of Law Opposing Defendant's Motion to Dismiss ("Heeman Aff."), Ex. A. As a party to the Contract, RFC agreed to purchase loans from Moore Financial. Id. The Complaint alleges that as a part of the Contract, Moore Financial agreed that RFC's Client Guides ("Guides") would be incorporated into the Contract. Id., ¶ 11, Ex. A, ¶ 1. The Guides included the following situations as events of default under the Contract: (1) failure to comply with the terms and conditions of the Guides; (2) breach of the Contract; (3) breach of the representations, warranties or convents made to RFC by Moore Financial; (4) misrepresentations or omissions made by any individual involved in the loan transactions, underwriting, or documentation, whether or not Moore Financial had knowledge of the misrepresentation or incorrect information; and (5) servicer default. Id., ¶ 14; see also Heeman Aff., Ex. B (Client Guides A208). According to the Complaint, pursuant to the Guides, Moore Financial had the obligation to repurchase any loan if RFC determined that an event of default occurred with respect to a specific loan. Id., ¶ 15; see also Heeman Aff., Ex. B (Client Guides A210). In addition, the Guides allegedly required Moore Financial to indemnify RFC from all losses, damages, penalties, fines, forfeitures, court costs, attorney's fees, judgments, and any other costs arising from an event of default. Id., ¶¶ 16-17; see also Heeman Aff., Ex. B (Client Guides A212).

RFC alleges defects with respect the following loans that it purchased from Moore Financial, which constitute an event of default under the Contract: (1) Lee Loan (purchased by

RFC on July 27, 2001); (2) Moore Loan (purchased by RFC on August 13, 2003); (3) Snider Loans (purchased by RFC on August 21, 2002, September 17, 2002, and October 16, 2002); (4) Stahl Loan (purchased by RFC on May 22, 2003); (5) Tyus Loan (purchased by RFC on November 7, 2001); (6) Ulkavak Loan (purchased by RFC on December 26, 2002); (7) Fullilove Loan (purchased by RFC on September 3, 2003); (8) Biggs Loan (purchased by RFC on June 27, 2003); and (9) Juan Loan (purchased by RFC on April 7, 2004) (hereinafter together referred to as "Loans"). Id., ¶¶ 20-73. In particular, RFC alleged that default had occurred on the Loans because of misrepresentations by appraisers as to the value of the property, property defects, inadequate insurance, or financial misrepresentations made by the borrowers of the loans. Id., ¶¶ 22-23, 27, 34-36, 41-42, 47-49, 54-56, 61-62, 66, 70. Between December 2003 and March 2005, RFC sent repurchase demand letters to Moore Financial regarding the Loans that were in default. Id., ¶ 77.[1]

RFC filed its Complaint against Moore Financial on May 11, 2005. RFC has brought a breach of contract claim against Moore Financial due to its failure to repurchase the Loans, as allegedly required by the Contract. Id., ¶¶ 74-78. RFC has also brought an indemnity claim under the Contract and Guides for the costs and attorney's fees incurred as a result of this action. Id., ¶ 81.

### B. Bower Litigation Settlement Agreement

---

[1] RFC sent repurchase demand letters to Moore Financial on the following dates: on June 14, 2004 for the Lee Loan; on May 25, 2004 for the Moore Loan; on December 12, 2003 and June 14, 2004 for the Snider Loans; on July 26, 2004 for the Stahl Loan; on February 11, 2004 for the Tyus Loan; on May 25, 2004 for the Ulkavak Loan; on December 17, 2004 for the Fullilove Loan; on December 17, 2004 for the Briggs Loan; on March 22, 2005 for the Juan

On December 1, 2004, Bankers Trust[2] and Moore Financial, among other parties, entered into a settlement in the case captioned <u>Bankers Trust Company v. Paul E. Bower</u>, which was venued in the State of Kentucky ("<u>Bower</u> Litigation").  <u>See</u> Affidavit of Hal D. Friedman ("Friedman Aff."), ¶ 2; <u>see also</u> Affidavit of Jeffrey W. Kibbey ("Kibbey Aff."), ¶ 2.  The <u>Bower</u> Litigation Settlement Agreement and Mutual Release ("Settlement Agreement") provided in relevant part that the parties:

> [M]utually release one another, as well as their attorneys, assigns, heirs, and all other similarly situated third parties, from any and all <u>Legal Claims</u>, as well as any and all other claims, charges, causes of actions, damages, accruals, fees, costs, or any other claim of any form or kind, whether known or unknown, herein identified or not, now existing or hereafter arising, and related in any manner to the Lawsuit or the Real Estate or any related transaction of any kind.

<u>See</u> Heeman Aff., Ex. C, ¶ 11 (emphasis added); <u>see also</u> Settlement Agreement attached to Def.'s Mem. [Docket No. 13].  Paragraph D of the Recitals to the Settlement Agreement defined "Legal Claims" as follows:

> All of the foregoing claims . . . as asserted in their respective pleadings or record in the Lawsuit or whether or not identified specifically therein or herein, including but not limited to all claims arising from in any way or manner related to the factual allegations contained in the Complaint, any Counterclaim, Cross Claim, or Third Party Claim that was asserted or which could have been asserted in the Lawsuit . . . **and** any other claims or damages arising out of or related to in any manner to the parcel or parcels or real property specified by the Bankers Trust in its Complaint in the Lawsuit, as originally filed or subsequently amended, **and/or** the real property sale and or lending transactions underlying the disputes or claims asserted in the Lawsuit, **and** notwithstanding the foregoing, further including any

---

Loan.  <u>See</u> Complaint, ¶¶ 24, 28, 37, 43, 50, 56, 63, 67, 71; Exs. B-K.
[2]     Bankers Trust was acting as trustee on behalf of itself, and on behalf of RFC with regards to the <u>Bower</u> litigation.  <u>See</u> Heeman Aff., Ex. C; <u>see also</u> Def.'s Mem at p. 5.

4

> other claims between any of the parties hereto, whether known or unknown, then, now, or hereafter arising or existing, are hereinafter referred to collectively as the "Legal Claims". It is agreed that the term "Legal Claims" as used herein is intended to have the broadest possible meaning and legal application, and encompasses all of the various disputes and claims of and between and amongst the parties hereto, whether known or unknown, as well as any *in rem* claims or claims against property owned by one or more of the parties, whether or not specifically identified or referenced herein, and it is the intention of the parties that such term, shall not be deemed, interpreted, or applied to omit any real, current, or potential claim, whether prior asserted or not, which has been brought or could have been brought or asserted against one of the parties or their properties hereto by one or more of such other parties.

Id., Recitals, ¶ D at p. 2 (emphasis added).

### C. Summary of Moore Financial's Motion to Dismiss

Moore Financial argued that RFC's Complaint should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. More specifically, Moore Financial argued that Paragraph 11 of the Settlement Agreement between RFC and Moore Financial released any and all present and future claims, whether known or unknown, against Moore Financial in connection with the Contract between the parties, thereby barring RFC's claims arising out of the Loans. In addition, Moore Financial asserted that RFC's Complaint should be dismissed because there exist independent brokers, third-party appraisers and borrowers, not subject to the personal jurisdiction of this Court, that are indispensable parties and must be joined to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## II. MOORE FINANCIAL'S RULE 12(B)(6) MOTION TO DISMISS

### A. Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must view the complaint in the light most favorable to the non-moving party and may dismiss the complaint only if no relief can be granted under any set of facts that could be proven consistently with the complaint's allegations. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). However, "the court need not accept, as true, wholly conclusory allegations, or unwarranted factual inferences. Moreover, in treating the factual allegations of a complaint as true, the court does not, however, blindly accept the legal conclusions drawn by the pleader from the facts." Helleloid v. Indep. Sch. Dist. Number 361, 149 F. Supp.2d 863, 867 (D. Minn. 2001). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss. However, this does not mean that only the Complaint itself may be reviewed. As the Court noted in Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999):

> When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, __U.S.__, No. 98-1848, 1999 WL 319349 (U.S. June 24, 1999), as well as materials that are 'necessarily embraced by the

>pleadings.' Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1146, 1152 (D. Minn. 1997). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d §1357, at 199 (1990)(court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').

In their motion papers submitted to the Court, both parties rely on the Settlement Agreement with regards to Moore Financial's Motion to Dismiss. The Settlement Agreement was not referenced by or attached to the Complaint and cannot be considered by the Court on a Motion to Dismiss. See Henderson v. Dosal, No. 04-3837 (DWF/JSM), 2005 WL 3620299 at *2 (D. Minn. Dec. 5, 2005) (citations omitted) (finding that on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court generally must ignore materials outside the pleadings). Therefore, since both parties have relied on this document, this Court converts Moore Financial's motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .").

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celeotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1999). "[S]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut,

but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N. D. Iowa 1995) (quoting Anderson, 477 U.S. at 248).

The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. Celotex Corp., 477 U.S. at 322-23; see also Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson, 477 U.S. at 256; Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995). "The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial." Minnesota Laborers Health & Welfare Fund v. Swenke, 2003 U.S. Dist. LEXIS 11439, *4-5 (D. Minn. 2003) (citations omitted). The non-moving party "must substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy." Wilson v. Int'l Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

**B.   Discussion**

It is Moore Financial's position that the Settlement Agreement, by virtue of its global release contained at Paragraph 11, precludes RFC from bringing any cause of action pertaining to the Loans at issue in the present case. In particular, Moore Financial claims that the global release pertains to any present or future claims, whether known or unknown, that

RFC may have against Moore Financial surrounding the parties' relationship.  See Def.'s Mem. at p. 3.  In support of this assertion, Moore Financial relies on that portion of Paragraph 11 stating that the parties mutually release one another from "all Legal Claims . . . now existing or hereinafter arising, and related in any manner to the Lawsuit or the Real Estate or any related transaction of any kind."  See Heeman Aff., Ex. C, ¶ 11 (emphasis added).  Moore Financial maintains that the language in the preceding sentence, shows that the first referenced releases ("arising, and related in any manner to the Lawsuit or the Real Estate"), must be related to the Lawsuit or the Real Estate at issue, and that the word "or" in connection with the second set of releases ("or any related transaction of any kind"), indicates that the Settlement Agreement contemplates a different set of releases separate from the release related to the lawsuit or real estate at issue.  See Def.'s Mem. at p. 6.

In opposition, RFC claimed that word "related" within Paragraph 11 shows that that the only way to interpret the release is to find that it is limited to Legal Claims related to (1) the Bower Litigation and Bower real estate, or (2) other transactions related to the lawsuit or real estate at issue in the Bower Litigation.  See Plaintiff's Memorandum of Law Opposing Defendant's Motion to Dismiss at p. 9.[3]

"Settlement agreements are a type of contract and therefore are governed by contract law, . . ."  Frear v. P.T.A. Industries, Inc., 103 S.W.3d 99, 105 (Ky. 2003)[4] (citation omitted).  A court must first determine whether the terms of the parties' settlement agreement are

---

[3]  Both parties then submitted several documents to the Court in support of their respective positions.

[4]  This Court notes that Kentucky state law governs the construction and interpretation of the Settlement Agreement.  See Heeman Aff., Ex. C, ¶ 22.

9

ambiguous. Id. at 105-06. "If an ambiguity exists, 'the court will gather, if possible, the intention of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written,' by evaluating extrinsic evidence as to the parties' intentions. Id. at 106 (quoting Whitlow v. Whitlow, Ky., 267 S.W.2d 739, 740 (1954)). However, if the settlement agreement is not ambiguous it will be enforced strictly according to its terms and a "court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." Id. (citations omitted).

This Court finds that the terms of the Settlement Agreement are not ambiguous, and support a finding of judgment in favor of Moore Financial (but not entirely for the reasons argued by Moore Financial). Paragraph 11 of the Settlement Agreement provides that the parties "mutually release one another from any and all Legal Claims, as well as any and all other claims . . . whether known or unknown, herein identified or not, now existing or hereafter arising, and related in any manner to the Lawsuit or the Real Estate or any related transaction of any kind." See Heeman Aff., Ex. C, ¶ 11 (emphasis added). Under plain language of Paragraph 11, the release governs (1) those claims that fall under the definition of "Legal Claims", and (2) those claims related to the lawsuit, real estate or related transactions. The definition of term "Legal Claims" as set forth in Recital D of the Settlement Agreement, by its express language, contemplates four types of claims that are to be included in the release: (1) claims related to the factual allegations contained in the pleadings of the Bower Litigation; (2) claims arising out of or related to the real property referred to in Banker's Trust Complaint; (3) claims arising out of the real property sale and or lending transactions underlying the disputes

or claims asserted in the <u>Bower</u> Litigation; and (4) "<u>any other claims between any of the parties hereto, whether known or unknown, then, now, or hereafter arising or existing</u>, . . ." <u>Id.</u>, Recitals, ¶ D at p. 2 (emphasis added). In addition, the Settlement Agreement explicitly states that the term "Legal Claims" is to have the broadest meaning and application:

> It is agreed that the term "Legal Claims" as used herein is intended to have the broadest meaning and legal application, and encompasses all of the various disputes and claims of and between and amongst the parties hereto, <u>whether known or unknown</u> . . . and it is the intention of the parties that such terms shall not be deemed, interpreted or applied to omit any real, current, <u>or potential claim</u>, <u>whether prior asserted or not</u>, which has been brought or asserted against one or more of the parties or their properties hereto by one or more of such other parties.

<u>Id.</u> (emphasis added).

As stated previously, the parties entered into the Settlement Agreement in the <u>Bower</u> Litigation on December 1, 2004. As of this date, not only had all of the Loans at issue in this case been purchased by RFC from Moore Financial, but RFC had already made claims against Moore Financial on six of the nine Loans. These six claims were clearly captured by the fourth category of claims that constitute "Legal Claims" under the definition set forth in the Settlement Agreement -- they were both "known" and "existing". Further, as to those three claims that were not yet in existence at the time of the execution of the Settlement Agreement, the definition of "Legal Claims"-- including claims "<u>hereafter arising</u>", "<u>whether . . . unknown</u>", and "<u>potential claim[s], whether prior asserted or not</u>" -- also encompassed these later made claims.[5]

---

[5] Although, both parties introduced extrinsic evidence in support of their respective interpretations of the Settlement Agreement, this Court will not consider any of this evidence, having found that the Settlement Agreement is not ambiguous. See <u>Frear</u>, 103 S.W.3d at 106.

11

In summary, as all of the Loans which are the subject matter of the Complaint constitute "Legal Claims", as defined by the Settlement Agreement, pursuant to Paragraph 11 of that Agreement, RFC has released its right to pursue these claims. Summary judgment in this case in favor of Moore Financial is appropriate.[6]

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1. Defendant's Motion to Dismiss [Docket No. 5] be **DENIED**;

2. Summary Judgment be **GRANTED** in favor of defendant; and

3. That plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Dated: February 9, 2006

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 27, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **February 27, 2006**.

---

[6] As this Court has granted judgment in favor of Moore Financial based on the Bower Settlement Agreement, it will not address Moore Financial's alternative grounds for its motion to dismiss (i.e., RCF's alleged failure to join indispensable parties pursuant to the Federal Rules of Civil Procedure 19).